UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EHSAN GHOLESTANI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-1392-R |
| | ) |
| UNITED STATES DISTRICT COURT, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Ehsan Gholestani, a noncitizen proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). Doc. 3.[1] However, Petitioner must cure the following deficiencies before this action can proceed in the Western District of Oklahoma.

### I. Background

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (explaining habeas petitions challenging present confinement must be filed in "the district of confinement"). Petitioner originally filed his Petition in the Northern District of Texas. Soon after filing, the Northern District of Texas discerned that Petitioner "was

---

[1] Docket numbers and page citations reference the Court's Electronic Case Filing System's docket and pagination.

detained at Cimarron Correctional Facility in Cushing, Oklahoma when the petition was mailed." Doc. 5 at 1. Cimarron Correctional Facility is located in Payne County, which is within the territorial jurisdiction of this Court. As such, the Northern District of Texas determined that it did not have jurisdiction and, accordingly, transferred the Petition to this Court. *Id.* at 2-3. Because Petitioner was in custody within the judicial district for the Western District of Oklahoma when he filed his Petition, *see* Doc. 3 at 1, his Petition was properly transferred to this Court.

## II.    Petition

Petitioner seeks "immediate release from ICE custody," as he has "been detained by ICE beyond the removal period authorized by statute." Doc. 3 at 4, 6. The Court reads the Petition to be seeking release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, the Petition provides only conclusory allegations with limited factual support and, therefore, does not adequately inform the Court of the factual bases for Petitioner's claims. For instance, the Petition fails to allege any facts supporting Petitioner's claim that "ICE is not likely to remove [him] in the near future." Doc. 3 at 4. Accordingly, Petitioner must file an amended petition, using the Court's approved form, that provides more information regarding the factual basis for his requested relief. The amended petition will supersede and replace Petitioner's original Petition. *See, e.g., Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect.").

Additionally, Petitioner must name the proper respondent in an amended petition. Petitioner names "United States District Court" as the sole Respondent in his Petition. Doc.

3 at 1. A habeas petition, however, must be brought against "the immediate custodian." *Rumsfeld*, 542 U.S. at 439. Because Petitioner was confined at the Cimarron Correctional Facility when he initiated this action, his immediate custodian is the warden of that facility.

Finally, Petitioner failed to sign the Petition. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides that "the petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."[2] Section 2242 requires that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf." As such, any amended petition must be signed either by Petitioner or an attorney of record authorized to sign it on Petitioner's behalf.

### III. Conclusion

Accordingly, Petitioner must use the Court's form and file an amended petition, not later than **December 15, 2025**, that (1) provides more information about the factual basis for his requested relief, (2) names the proper respondent, and (3) includes his signature. Failure to comply with this Order may result in the dismissal of this action.

The Clerk of Court is directed to forward to Plaintiff the necessary form to enable him to comply with this Order.

---

[2] The Court may apply the Habeas Rules to § 2241 petitions. *See* Habeas Rule 1(b).

**IT IS SO ORDERED** this 24th day of November, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE