UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EHSAN GHOLESTANI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-25-1392-R |
| ) | |
| UNITED STATES DISTRICT COURT, ) | |
|  et al., ) | |
| ) | |
| Respondents. ) | |

# ORDER

Before the Court is the Report and Recommendation [Doc. No. 16] of United States Magistrate Judge Chris M. Stephens, recommending that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be granted. Respondents filed an Objection [Doc. No. 17], which triggers de novo review of those portions of the Report to which a specific objection is made.

Petitioner, an Iranian national, is the subject of a final order of removal from the United States. He has been in immigration detention pursuant to 8 U.S.C. § 1231(a)(6) for more than a year since the entry of the final order of removal. His habeas petition argues that his prolonged detention violates the Due Process Clause of the Fifth Amendment, relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, 533 U.S. at 689, the Supreme Court construed § 1231(a)(6) as prohibiting the indefinite detention of noncitizens subject to a final order of removal and awaiting deportation. *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good

1

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. "What constitutes a 'significant likelihood of removal' and how to measure the 'reasonably foreseeable future,'…is incapable of any bright-line delineation. Instead the analysis is case-specific and fact driven." *Khaliq v. Noem*, No. CIV-25-1154-SLP, 2026 WL 196631, at *6 (W.D. Okla. Jan. 26, 2026).

Here, Judge Stephens concluded that Petitioner met his burden of showing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and that Respondents failed to rebut this showing. Specifically, Judge Stephens noted that Iran denied Petitioner's request for travel documents, Respondents have not identified any progress toward removing Petitioner to a third country, and Respondents have only made sporadic attempts to complete Petitioner's removal. Judge Stephens therefore recommends that Petitioner be released from custody subject to an order of supervision.

Respondents lodge two specific objections to the Report.[1] First, they object to the conclusion that Petitioner identified "barriers and obstacles" to his removal to Iran or that Respondents did not provide evidence of attempts re-submit a request for travel documents.

---

[1] Respondents also re-assert and adopt by reference the arguments presented in the response in opposition to the Petition. These objections are "too general to trigger de novo review" because they do not "alert this Court as to what legal or factual errors they believe [the magistrate judge] made in reaching his conclusion." *Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025). In any event, the Court has reviewed the Report and filings in full and, upon de novo review, agrees with Judge Stephens' conclusions.

2

In support of this objection, Respondents rely on a new affidavit, not presented to Judge Stephens, stating that Iran requested a telephone interview with Petitioner on January 28, 2026, Iran denied the request for travel documents on February 17, 2026, and Respondents "continue[] to work to facilitate removal of Petitioner to a third country." Although these new developments suggest that Respondents made a recent attempt to request new travel documents, the denial of that request and Respondents concession that they are attempting a third country removal supports a finding that there is no significant likelihood that Petitioner will be removed to Iran in the reasonably foreseeable future. Further, Respondents have not identified any other countries where any progress towards a removal has been made.

Second, Respondents object to Judge Stephen's finding that the failure of either party to allege that it is in possession of documents demonstrating Petitioner's Iranian citizenship presents a barrier to his repatriation. Respondents contend this finding was erroneous because Petitioner's citizenship is not in dispute. Even accepting that Petitioner's Iranian citizenship is not in dispute, the fact remains that Iran has denied Petitioner's request for travel documents, Respondents' attempts to obtain travel documents have been sporadic at best, and there is essentially no evidence indicating that there has been any progress toward a third country removal.

In evaluating a noncitizen's assertion that his prolonged immigration detention is unlawful under *Zadvydas*, the Court fully agrees that "the reasonableness of detentions pending deportation cannot be divorced from the reality of the bureaucratic delays that almost always attend such removals." *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1367 (N.D.

3

Ga. 2002). The initial burden to show no significant likelihood of removal in the reasonably near future is on the petitioner, and "the mere fact of some delay will not require the release of the alien." *Id.* at 1368. Here, Petitioner has shown more than just a delay in completing the removal. Upon de novo review, the Court agrees that the evidence supports a finding that there is good reason to think Petitioner's removal to Iran or a third country is not significantly likely in the reasonably near future. Respondents evidence in rebuttal is extremely thin and is not sufficient to rebut that showing.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 16], GRANTS the Petition for Writ of Habeas Corpus [Doc. No. 11], orders Respondents to release Petitioner from custody subject to an appropriate Order of Supervision, and directs Respondents to certify compliance with this order by filing a status report within seven days.

IT IS SO ORDERED this 3rd day of March, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE